**IN THE UNITED STATES DISTRICT COURT OF THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**GWEN VAUGHN AND
KENEITH D. VAUGHN**                                          **PLAINTIFFS**

**VS.**                                          **CIVIL ACTION NO.: 4:09cv065-M-S**

**W. S. BRANDON MORTUARY, LLC,
MORTIMER FUNERAL HOME, INC.
d/b/a AR LA MS CREMATORY SOCIETY,
RON Y. JOHNSON AND JOHN DOES (1-5)**          **DEFENDANTS**

**MORTIMER FUNERAL HOME, INC.
d/b/a AR LA MS CREMATORY SOCIETY**          **DEFENDANT/CROSS-PLAINTIFF**

**VS.**

**W.S. BRANDON MORTUARY, LLC**          **DEFENDANT/CROSS-DEFENDANT**

## ORDER

This matter came before the court on the motion of Defendants to strike plaintiffs' experts (#53). After considering the motion and record in this case the court finds it to be well-taken.

On October 23, 2009, this court entered a case management order setting February 22, 2010 as the deadline for the plaintiffs to designate their experts and March 24, 2010 as the deadline for the defendants to designate their experts. On March 24, 2010 the defendants served their designation of experts. Only after the defendants designated their experts and served their expert reports did the plaintiffs file a notice of service of plaintiffs' experts. This designation contained no expert report but only the names and addresses of five (5) persons. The plaintiffs did not respond to the current motion.

Uniform Local Rule 26(a)(2) and Rule 26(a)(2) of the Federal Rules of Civil Procedure

require a party to make full and complete disclosures no later than the time specified in the case management order. Additionally, the local rule provides:

> A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinion at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703, or 705, and a summary of the facts and opinions to which the witness is expected to testify. The party must also supplement initial disclosures.

L. U. Civ. R. 26(a)(2)(D).

The federal rules provide that "unless otherwise stipulated or ordered, this disclosure must be accompanied by a written report-prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). This report must contain the information outlined in the rule, including, but not limited to a complete statement of all opinions and the basis for those opinions signed by the witness.

Additionally, the Fifth Circuit has enumerated factors to be considered when looking to a motion to strike an expert designation and noted that when a designation violates the mandates of Rule 26, the court may strike the designation. Those factors are: (1) the respondent's explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure prejudice. *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990).

There has been no explanation for a failure to identify experts. In the instant case, allowing this late designation will result in prejudice to the defendants particularly because the

defense relied on the plaintiffs' decision to forgo designation of experts prior to designating their own experts.

IT IS, THEREFORE, ORDERED that the defendants' motion to strike is hereby GRANTED.

SO ORDERED, this the 5th day of May 2010.

/s/David A. Sanders
UNITED STATES MAGISTRATE JUDGE